**Yvonne MODESTE and Arthur Modeste, Plaintiffs–Appellants,**

v.

**LOCAL 1199, DRUG, HOSPITAL AND HEALTH CARE EMPLOYEES UNION, RWDSU, AFL–CIO, Estela Vasquez, Thomas Dawes, Rosa Cruz, Carmen Nieves and Nilda Nieves, Defendants–Appellees.**

No. 204, Docket 94–7209.

United States Court of Appeals, Second Circuit.

Argued Aug. 30, 1994.

Decided Sept. 20, 1994.

Donald D. Casale, New York City (Michael Flomenhaft, Flomenhaft Karam & Casale, on the brief), for plaintiffs-appellants.

Elisabeth Werby, New York City (Daniel J. Ratner, Levy, Pollack & Ratner, on the brief), for defendants-appellees.

Before: NEWMAN, Chief Judge, KEARSE and CARDAMONE, Circuit Judges.

JON O. NEWMAN, Chief Judge:

Yvonne and Arthur Modeste appeal from the March 17, 1994, judgment of the District Court for the Southern District of New York (Sonia Sotomayor, Judge), dismissing, under Fed.R.Civ.P. 12(b)(6), three causes of action

against defendant-appellee Local 1199, Drug, Hospital and Health Care Employees Union ("the Union"). The claims arise from intentional torts allegedly inflicted by members of the Union during a strike, 850 F.Supp. 1156.

Appellants had sued the individual tortfeasors and had also sought to hold the Union liable for the torts, even though state law makes an unincorporated association liable for the torts of its members only where the unlawful acts are authorized or ratified by each member of the association. *See Martin v. Curran,* 303 N.Y. 276, 101 N.E.2d 683 (1951). Appellants contended that section 6 of the Norris–LaGuardia Act, 29 U.S.C. § 106 (1988), created a substantive federal right to sue unions for acts of their members and that, if state law does not render the Union liable, section 6 preempts state law. The suit had been removed from state court on the basis of two causes of action arising under the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 411 (1988). After a stipulated dismissal of the LMRDA claims and some state law claims, the defendants moved for dismissal of the three claims alleged to arise under, or be related to, the Norris–LaGuardia Act. The District Court granted the motion, ordered entry of judgment under Fed.R.Civ.P. 54(b), and remanded to state court the remaining state law claims against the individual defendants.

We affirm the District Court's ruling on the comprehensive opinion of Judge Sotomayor, reported at 850 F.Supp. 1156.